UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No: **1:21-cr-00160-TJK** |
| ) | |
| CHRISTOPHER KUEHNE, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER DEFENDANT

Christopher Kuehne moves to sever his case from that of his co-defendants under Rule 14(a) of the Federal Rules of Criminal Procedure.

### BACKGROUND

On February 26, 2021, Mr. Kuehne was indicted on felony and misdemeanor charges for his conduct at the Capitol on January 6, 2021, together with four other co-defendants. On April 23, 2021, attorney Albert S. Watkins entered his appearance for two of Mr. Kuehne's co-defendants, Ms. Felicia Konold and Mr. Cory Konold. Mr. Watkins also represents other defendants, not named as co-conspirators in this case, but who were arrested for their involvement with the January 6 incident at the Capitol.

On May 18, 2021, Mr. Watkins spoke on the record about his Capitol cases with Talking Points Memo ("TPM"), which describes itself as "an independent news organization that publishes reporting and analysis about American politics, public policy and political culture." In his interview, Mr. Watkins stated, "A lot of these defendants — and I'm going to use this

colloquial term, perhaps disrespectfully — but they're all fucking short-bus people. These are people with brain damage, they're fucking retarded, they're on the goddamn spectrum." He went on to say, "Fuck, they were subjected to four-plus years of goddamn propaganda the likes of which the world has not seen since fucking Hitler."[1]



*Snippet of TPM article with relevant portion highlighted.*

The reporter who wrote the TPM article then shared his conversation with Mr. Watkins on Twitter. The post went viral within hours.

---

[1] *Capitol Rioters' 'Trump Defense' Comes Up Again And Again. Will It Make A Difference?,* Talking Points Memo (2021), https://talkingpointsmemo.com/news/capitol-rioters-trump-defense-comes-up-again-and-again-will-it-make-a-difference (last visited May 18, 2021).



By the afternoon on the day his words were published, other publications took note of Mr. Watkins' remarks.[2]

Mr. Watkins' highly inflammatory and derogatory language directly impacts and prejudices Mr. Kuehne, rendering a trial with his codefendants inherently unfair.

Mr. Kuehne is prejudiced by the joinder of his case with co-defendants represented by a counselor who publicly demeans him, and invokes his right for relief under Rule 14(a) of the Federal Rules of Criminal Procedure, seeking severance. Mr. Kuehne files this motion in a timely manner, immediately upon learning of the public statements made against him by co-defendants' counsel.

---

[2] *QAnon Shaman's Lawyer: Many Rioters Are 'F\*cking Short-Bus People'*, The Daily Beast (2021), https://www.thedailybeast.com/qanon-shaman-jacob-chansleys-lawyer-al-watkins-says-many-capitol-ioters-are-retarded (last visited May 18, 2021); *QAnon Shaman's lawyer says Capitol rioters are 'retarded',* Mail Online (2021), https://www.dailymail.co.uk/news/article-9592693/QAnon-Shamans-lawyer-says-Capitol-rioters-retarded-spectrum.html (last visited May 18, 2021).

**ARGUMENT**

Rule 14(a) of the Federal Rules of Criminal Procedure provides that, "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Supreme Court has imposed upon "the trial judge ... a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960). The Supreme Court has further held that, "a district court *should* grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (Emphasis added).

In this case, a joint trial with co-defendants represented by an attorney who publicly referred to Mr. Kuehne and others arrested for their participation in the January 6 incident as "fucking short-bus," "fucking retarded," and "on the goddamn spectrum," poses a serious risk of compromising Mr. Kuehne's constitutional right to a fair trial by an impartial jury. Unlike his co-defendants, Mr. Kuehne's defense strategy does not include self-degradation, nor an insanity plea.

A joint trial also poses a serious risk that the jury will be compromised in making a reliable judgment about the guilt or innocence of Mr. Kuehne after co-defendants' counsel has demeaned his mental abilities publicly and has previewed how he plans to present his clients'

defense moving forward. A joint jury trial under such conditions for Mr. Kuehne is inherently unfair.

The statements of co-defendants' counsel are as shockingly inculpatory as they are irredeemably insulting. Unlike his co-defendants, Mr. Kuehne is not willing to throw in the towel, nor to throw an entire political party under the bus through cheap "Nazi" comparisons. Both grounds in *Zafiro* under which a judge *should* sever defendants are met in the situation that Mr. Watkins has created. *Zafiro*, 506 U.S. at 539.

While Mr. Watkins' public remarks about the Capitol incident defendants are inarguably inflammatory and recklessly prejudicial, these public remarks are also in violation of Rule 57.7(b)(1) of the Local Rules of the United States District Court for the District of Columbia, which states:

> It is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.
> *Local Rules of the United States District Court for the District of Columbia, Rule 57.7(b)(1)*.

Mr. Kuehne cannot attain fair adjudication of his charges when his case is combined with that of co-defendants represented by counsel who makes statements in violation of court rules that preserve the fairness of a trial and due administration of justice, statements which directly impede his constitutional rights.

While the Konolds are entitled to their choice of counsel under the Sixth Amendment, Mr. Kuehne is entitled to a fair trial by an impartial jury under the same. See *Luis v. United States*, 136 S. Ct. 1083 (2016); *Irvin v. Dowd*, 81 S. Ct. 1639, 1642 (1961). In this case, the

constitutional rights of the aforementioned co-defendants directly interfere with each other's cases. Mr. Kuehne cannot ask the Konolds to alter their representation, as that is a direct violation of their Sixth Amendment right; and, Mr. Kuehne cannot be asked to undergo an insulting and prejudicial trial with his co-defendants and his counsel, as that is a direct violation of his Sixth Amendment right.

Mr. Kuehne and his counsel of choice simply seek a fair, unbiased trial.

Therefore, Mr. Kuehne requests that his case be severed from that of the co-defendants, so that each party may exercise their respective constitutional rights without infringing on the trial rights of a co-defendant.

## CONCLUSION

WHEREFORE the defendant asks that in order to preserve his trial rights, his case be severed from that of the co-defendants pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

By Counsel:

/s/
_____
Marina Medvin, Esq.
*Counsel for Christopher Kuehne*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on May 18, 2021, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

Marina Medvin, Esq.