UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | **:** | |
| | **:** | **CASE NO. 21-cr-160-1 (TJK)** |
| **v.** | **:** | |
| | **:** | |
| CHRISTOPHER KUEHNE, | **:** | |
| | **:** | |
| Defendant. | **:** | |

## OPPOSITION TO DEFENDANT'S MOTION TO SEVER

The United States of America, by and through its attorney the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Christopher Kuehne's ("the defendant") Motion to Sever Defendant, ECF No. 73. The defendant's motion should be denied. The statements at issue did not unfairly prejudice the defendant's trial rights, and any potential prejudice to the defendant caused by those statements can be addressed at voir dire. Further, any potential violation of Local Crim. R. 57.7 by co-defendant counsel can be otherwise addressed by this Court; a sanction of severance is not appropriate for such a violation. Ultimately, the defendant's motion does not present an extraordinary reason to overcome the strong preference for joint trials.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 26, 2021, the Grand Jury returned an indictment charging the defendant, along with co-defendants William Chrestman, Louis Enrique Colon, Felicia Konold, Cory Konold, and Ryan Ashlock with conspiracy to obstruct the Electoral College vote that took place at the

---

[1] This factual background section is provided to give context to the joined indictment and does not represent the entirety of the government's anticipated evidence at trial.

United States Capitol on January 6, 2021, as well as to interfere with law enforcement during the course of a civil disorder. The defendants are charged jointly with the following offenses: conspiracy, in violation of 18 U.S.C. § 371; obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); civil disorder, in violation of 18 U.S.C. § 231(a)(3); and entering or remaining on restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) and (2). Chrestman is charged separately with threatening a federal officer, in violation of 18 U.S.C. § 115(a)(1)(B), and was also charged separately with a dangerous weapon enhancement for violations of 18 U.S.C. § 1752(a)(1) and (2).

These charges stem from the attack on the U.S. Capitol that took place on January 6, 2021. At the time of the attack of the Capitol, Chrestman, Colon, Ashlock, and the defendant were all members of a self-described "Western Chauvinist" organization known as the Proud Boys. Felicia Konold and Cory Konold were not Proud Boys, but affirmatively joined the rest of their co-defendants as they marched on and into the Capitol. The defendant traveled with others in the conspiracy and stayed together in a short-term rental property near the District of Columbia. He purchased the orange tape that was later affixed to each member of the conspiracy to help distinguish themselves in the crowd, and continued to carry rolls of that tape on his person while unlawfully on the grounds of the Capitol and while inside the Capitol on January 6, 2021. Along with most of his co-defendants, he unlawfully forced through barriers placed by the Capitol Police on the Capitol grounds, proceeded inside the Capitol building, and attempted to disable crash barriers employed by the Capitol Police.

The defendant and his co-defendants have since been arraigned on the charges and the case is progressing through discovery and other aspects of pre-trial litigation. There is no trial date set,

and only Chrestman is detained from the listed defendants.

On May 18, 2021, counsel for co-defendants Felicia and Cory Konold, Albert Watkins, reportedly made statements in an interview with "Talking Points Memo" and those statements were published online on or about May 18, 2021. (ECF No. 73 at 1-2). The statements reportedly made by Mr. Watkins have been detailed by the defendant's motion and will not be repeated here by the government. *Id.* Because the statements were reportedly made by Mr. Watkins and not by the government, the government is not in a position to make representations about the authenticity of those statements or the manner or method in which they were given. However, for the purpose of the defendant's motion, we will presume that the statements were made and that they were published with permission of Mr. Watkins.

## LEGAL PRINCIPLES

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "As is clear from the text of the rule, district courts have significant flexibility to determine how to remedy any potential risk of prejudice posed by the joinder of multiple defendants in a single trial." *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011). "Indeed, although a district court may grant a severance in a wider array of circumstances, the Supreme Court has held that 'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.*, quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Court have generally favored joint trials over severance. *See e.g.*, *United States v. Hines*, 455 F.2d 1317, 1334 (D.C. Cir. 1972) ("The balance has been struck in favor of joint trials"). Put simply, severance should be granted "sparingly." *See United States v. Straker*, 800 F.3d 570, 626 (D.C. Cir. 2015). "Absent a *dramatic* disparity of evidence, any prejudice caused by joinder is best dealt with by instructions to the jury to give individual consideration to each defendant." *Moore*, 651 F.3d at 95, quoting *United States v. Slade*, 627 F.2d 293, 309 (D.C. Cir. 1980) (emphasis in *Moore* but not *Slade*). The Supreme Court has held that even mutually antagonistic defenses are not *per se* prejudicial, and where there is some prejudice, the trial court is able to tailor relief other than severance. *Zafiro*, 506 U.S. at 538. Further, the Supreme Court favors instructions and other remedies over severance, even in cases where the risk of prejudice is high. *See id.*, at 539 ("When the risk of prejudice is high, ... less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice").

To obtain a severance, the defendant has the burden of establishing the requisite prejudice. *See e.g.*, *United States v. Carson*, 455 F.3d 336, 374 (D.C. Cir. 2006).

## **ARGUMENT**

The defendant asserts that "Mr. Watkins' highly inflammatory and derogatory language directly impacts and prejudices [the defendant], rendering a trial with his codefendants inherently unfair." (ECF No. 73 at 3). Taking at face value that the statements were inflammatory, the extreme remedy of severance is not legally supported, especially at this juncture. Whether the statements merit any action by the Court as contemplated in Local Crim. R. 57.7 is ultimately up to the Court, but severance is simply not an appropriate remedy, and the defendant offers no authority to support that remedy. Accordingly, the defendant's motion should be denied.

I.        The Published Statements Do Not Unfairly Prejudice the Defendant's Trial Rights.

The defendant has presented no evidence or argument sufficient to overcome the strong preference in favor of joint trials. The defendant asserts that the statements were "made against him" by co-defendant counsel and those statements make for conditions that are "inherently unfair" at trial (ECF No. 73 at 3-5). He further argues that the statements at issue "previewed how [Mr. Watkins] plans to present his clients' defense moving forward." *Id.* at 4-5. However, the defendant does not actually state in his motion what he anticipates that defense to be. Again, taking the statements' derogatory or inflammatory nature at face value, it is not clear to the government what trial strategy can be gleaned from the statements made by Mr. Watkins. The statements at issue were made well before a trial date has been set, and the statements were not directly attributed to the trial strategy of any of the defendants in our instant case, not even the Konolds.

Assuming *arguendo* that the statements at issue can be construed as set trial strategy for the Konolds (they should not), the mere fact that the Konolds would present a trial defense that could be antagonistic or even inculpate their co-defendant (in this case, Kuehne) would not be enough to warrant a severance. *See Zafiro*, 506 U.S. at 538; *see also United States v. Bruner*, 657 F.2d 1278, 1288-89 (D.C. Cir. 1981) (upholding a severance denial by the trial court even where co-defendant counsel made statements in closing arguments that expressly inculpated the other co-defendant). At this point, we do not know, even from the statements at issue, the trial strategy that Mr. Watkins intends to put forth for the Konolds. We are still well away from motions in limine, joint pretrial statements, voir dire, or the trial itself. Should this case reach those proceedings, the Court will be in a better position to address any legitimate severance concerns based off differences with trial strategy. Even then, a joint trial is still the default mechanism. *See e.g.*, *Hines*, 455 F.2d

at 1334.

As to any prejudicial effect the statements at issue would have on a potential jury venire (*See* ECF No. 73 at 4), this could be addressed fulsomely during voir dire. This Circuit has long held that, even in a trial with significant press coverage, a thorough voir dire will suffice to ensure that the defendant receives a fair trial by an unbiased jury. *See United States v. Haldeman*, 559 F.2d 31, 64-71; *accord Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1054 (1991). The parties and the Court are more than capable of fashioning voir dire questions designed to elicit whether a prospective juror read the statements at issue and if so, whether those statements have had a material effect on that juror's ability to sit as a fair and impartial juror in this case.

II.      Severance is Not a Remedy for this Potential Violation of Local Crim. R. 57.7.

As the government previously stated, the government does not currently possess enough information to know whether the statements at issue should constitute a violation of Local Crim. R. 57.7.[2] However, should the Court find that such a violation has occurred in this case, severance of one, or indeed any of the co-defendants, is not warranted. Other than plainly stating that he and his co-defendants are entitled to counsel and a fair trial under the Sixth Amendment (ECF No. 73 at 5-6), the defendant cites no authority where a violation of this Rule by co-defendant counsel merits severance or even a related sanction as to the indictment or the trial itself. Sanctions such as orders from the Court, admonitions, or reprimands would likely be more appropriate to address such a violation by an attorney for one of the defendants. To sever one defendant based on such a violation, as is asked in the motion before the Court, is both a *non sequitur* and unmerited remedy.

---

[2] Should the government learn more about these statements through additional filings or at a hearing on this specific issue, the government will supplement its pleadings if necessary or if instructed by the Court based off those proceedings.

WHEREFORE, the United States respectfully requests that the defendant's motion be denied.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By:     /s/Christopher A. Berridge
        Christopher A. Berridge
        GA Bar No. 829103
        Assistant United States Attorney
        555 4th Street, N.W., Room 4124
        Washington, D.C. 20530
        (202) 252-6685
        Christopher.Berridge@usdoj.gov