UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Criminal Case No: **1:21-cr-00160-TJK** |
| | ) |
| **CHRISTOPHER KUEHNE, ET. AL.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO SEVER DEFENDANT**

The government has opposed Christopher Kuehne's motion to sever his case from that of his co-defendants.

While acknowledging the basis of Mr. Kuehne's concerns, stating that the statements of co-defendants' counsel "were inflammatory," "antagonistic," and might even "inculpate their co-defendant," the government nonetheless felt that remedy under Fed. R. Crim. P. 14(a) was "extreme." The government did not provide a legal basis for this assertion, nor case law to support their position that severance under Rule 14(a) was in any way inappropriate in this case. Instead, the government cited case law discussing completely separate legal issues: *voir dire* issues for a Motion to Transfer under Fed. R. Crim. P. 21, as discussed in *United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976), and the reasonableness of First Amendment restrictions on counsel, as discussed in *Gentile v. State Bar of Nev.*, 501 U.S. 1030 (1991). The government then discussed punitive remedy for co-defendants' counselor's potential violation of Local Crim. R. 57.7.

First, Mr. Kuehne's Motion to Sever does not seek to restrict co-defendants' counsel's speech, and in fact acknowledged that his co-defendants have their choice of counsel under the Sixth Amendment, citing *Luis v. United States*, 136 S. Ct. 1083 (2016). Mr. Kuehne does not ask the court for remedy in a *punitive* manner. Instead, Mr. Kuehne sought a Rule 14 severance to effectuate *constitutionally complaint fair trials for all defendants* involved.

Mr. Kuehne asserted prejudice, and conflicting and irreconcilable differences. In essence, Mr. Kuehne sought a divorce of his case from that of the co-defendants, on the basis that the pretrial strategy of their counsel included statements that inculpated all of the defendants. Mr. Kuehne pled not guilty to his charges and "Mr. Kuehne is not willing to throw in the towel," he asserted. Per *United States v. Haldeman*, the case relied upon by the government, a defendant seeking severance of his case under Rule 14 has to show "the defendants present conflicting and irreconcilable defenses and there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." 559 F.2d at 71. While this is exactly what Mr. Kuehne's Motion to Sever showed, Mr. Kuehne also asserted the necessity for severance under *Schaffer v. United States*, 362 U.S. 511 (1960) and *Zafiro v. United States*, 506 U.S. 534 (1993) ( "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"), the guiding Supreme Court authority on the issue of a Rule 14 motion.

Opposing counsel's case citations on *voir dire* relate to Rule 21 issues, not Rule 14. Unlike Rule 21 of the Federal Rules of Criminal Procedure, which can be described as a unicorn remedy for being so rarely granted, Rule 14 severances are more routinely granted and set a

lower threshold for defendant to meet. See *United States v. Brown*, 16 F.3d 423, 432 (D.C. Cir. 1994) ("This court gives district courts great latitude to sever defendants under Rule 14"). See also *United States v. Harrison*, 931 F.2d 65, 67 (D.C. Cir. 1991); *United States v. Ford*, 870 F.2d 729, 730 (D.C. Cir. 1989). For clarification, Rule 21 issues relate to balancing two conflicting constitutional rights: the Sixth Amendment right to trial by "jury of the State and district wherein the crime shall have been committed" and Firth Amendment and the Sixth Amendment right for a fair trial by an impartial jury; Rule 14 issues do not. A joint trial is a matter of *convenience* for the government, while a fair and constitutionally compliant trial a matter of *right* for the defendant under the Firth and Sixth Amendments. For that reason, the balance of equites is very different in a Rule 14 analysis than that of Rule 21.

While the defense understands that it would certainly be more convenient for the government to get it all over with in one shot, to try all of these defendants jointly, the defendant's constitutional rights cannot give way as a luxurious accommodation for the government.

Mr. Kuehne notified the court of significant prejudice from co-defendants' counsel's statements, and argued that (1) a joint trial poses a serious risk of compromising Mr. Kuehne's constitutional right to a fair trial by an impartial jury, and (2) that a joint trial poses a serious risk that the jury will be compromised in making a reliable judgment about the guilt or innocence of Mr. Kuehne. Mr. Kuehne invoked prejudice and Firth and Sixth Amendment conflicts with his co-defendants, as required under *Zafiro v. United States*. See 506 U.S. at 539. Mr. Kuehne is simply seeking a constitutionally guaranteed fair trial.

The prejudice to Mr. Kuehne's case has, in fact, increased since the filing of his motion. Multiple major media outlets have publicized and spread more broadly the outrageous story of Albert Watkins' comments, significantly increasing the reach of the initial release, and thereby increasing the prejudice to Mr. Kuehne.[1] Mr. Watkins had also affirmed to the media the accuracy and intent of his prejudicial statements and refused to retract his comments, telling *Law & Crime* via email interview, "We live in a sound bite world. I respectfully suggest the next few days and weeks will demonstrate the prudence of this calibrated move."[2]



---

[1] Attorney for 'QAnon Shaman' questions mental abilities of his client, others in Jan. 6 riot | The Washington Post (2021). Retrieved 5 June 2021, from https://www.washingtonpost.com/nation/2021/05/19/qanon-shaman-short-bus/; Levin, B. (2021). "They're All Fucking Short-Bus People": Capitol Riot Attorney Manages to Insult At Least Three Different Groups While Defending 1/6 Actions | Vanity Fair (2021) Retrieved 5 June 2021, from https://www.vanityfair.com/news/2021/05/albert-watkins-jacob-chansley-capitol-attack; 'QAnon Shaman' lawyer issues shockingly offensive defense of client's role in Capitol riot | The Week (2021). Retrieved 5 June 2021, from https://theweek.com/speedreads/983283/qanon-shaman-lawyer-issues-shockingly-offensive-defense-clients-role-capitol-riot; 'QAnon Shaman' lawyer makes offensive comments about Capitol rioters: 'They're all f---ing short-bus people' | Yahoo News (2021). Retrieved 5 June 2021, from https://ca.news.yahoo.com/qanon-shaman-lawyer-makes-offensive-214435903.html.

[2] QAnon Shaman's Lawyer Called Capitol Siege Suspects Brain-Damaged 'F***ing Short-Bus People.' He Claims That's Part of a Strategy | Law & Crime (2021). Retrieved 5 June 2021, from https://lawandcrime.com/u-s-capitol-siege/qanon-shamans-lawyer-called-capitol-siege-suspects-brain-damaged-fing-short-bus-people-he-claims-thats-part-of-a-strategy/. See also 'QAnon Shaman' attorney refuses to apologize for 'short-bus people' comments | The Hill (2021). Retrieved 5 June 2021, from https://thehill.com/homenews/media/554290-qanon-shaman-attorney-refuses-to-apologize-for-short-bus-people-comments; QAnon Shaman attorney defends calling Maga rioters 'f***ing retarded' | The Daily Mail (2021). Retrieved 5 June 2021, from https://www.dailymail.co.uk/news/article-9599525/QAnon-Shaman-attorney-defends-calling-Maga-rioters-f-ing-retarded-fiery-Cuomo-interview.html.

Mr. Watkins then particularized these comments to Mr. Kuehne's co-defendants, the Konolds, in an interview with the *Arizona Daily Star*, stating, "the siblings and other defendants he has spoken to are dealing with 'vulnerabilities,' ranging from childhood trauma to physical injuries, that 'played a role in their presence in Washington, D.C. on Jan. 6 and their actions on Jan. 6.'"[3]

As a reminder of his initial comments, Mr. Watkins stated broadly of the Capitol incident defendants, "they're all fucking short-bus people," to Talking Points Memo. "These are people with brain damage, they're fucking retarded, they're on the goddamn spectrum." These comments were encompassing of Capitol incident defendants as a whole and grossly prejudiced the defendants ordered to sit through trial with Mr. Watkins and his clients. In contrast to the defense strategy of Mr. Watkins, Mr. Kuehne's defense does not include profanity, self degradation, nor insulting punches at the mental health of any co-defendants, nor any people at all, for that matter. Mr Kuehne's defense is in direct conflict with Mr. Watkins' statements. Mr. Watkins' statements directly contradict and strongly prejudice Mr. Kuehne's defense.

While the absurdly inflammatory statements of co-defendants' counsel are unique to the practice of law and counsel had difficulty finding other similar cases, in *Rhone v. United States* this Circuit had recognized that, "[p]rejudice from joinder of defendants may arise in a wide variety of circumstances." 125 U.S. App. D.C. 47, 365 F.2d 980, 981 (1966). And, that "the Rules provide for severance in order to prevent prejudice to a defendant." *United States v. White*, 116 F.3d 903, 916 (D.C. Cir. 1997). The decision to sever Mr. Kuehne's case lies in "the district court's sound discretion." *Zafiro*, 506 U.S. at 539. The D.C. Circuit "gives district courts great

---

[3] Lawyer cites 'vulnerabilities' of Tucson-area siblings charged in Jan. 6 riot | Arizona Daily Star (2021). Retrieved 5 June 2021, from https://tucson.com/news/local/lawyer-cites-vulnerabilities-of-tucson-area-siblings-charged-in-jan-6-riot/article_24ccf0aa-bfd0-11eb-bc49-0fdd427ce897.html.

latitude to sever defendants under Rule 14." *United States v. Brown*, 16 F.3d 423, 432 (D.C. Cir. 1994). The unique situation described in Mr. Kuhne's Motion to Sever does not have sufficient precedent for comparison and contrast, instead falling into the category of "wide variety of circumstances" foreseen 55 years ago by *Rhone* that may call for severance of defendants to effectuate fairness at trial. Mr. Kuehne's request will be decided in the discretion of this court.

As an additional argument against the defendant's motion, the government notes that one basis for severance under Rule 14 would be "a dramatic disparity of evidence." *United States v. Moore*, 651 F.3d 30 (D.C. Cir. 2011). This is true, and this could have been an additional argument for defendant's current motion, or it may be the basis for an independent Motion to Sever. However, the government has rendered the defendant handicapped in asserting a disparity of evidence argument because the government has not yet provided the defense with sufficient discovery to make such an evaluation. The government has not even provided the defense with Mr. Kuehne's statements to law enforcement, even though five months have passed since the defendant has been arrested.[4] Thus, while the government's reliance on there being alternative avenues to achieve separate trials is a correct statement of the law, it is simply inapplicable in a situation where the government is responsible for making such an argument entirely impossible.

For all of the reasons stated herein, and in defendant's Motion to Sever and accompanying Memorandum, Christopher Kuehne asks that, in order to preserve his right to a fair trial, his case be severed from that of the co-defendants pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.

---

[4] Neither has the government provided Mr. Kuehne with his co-defendants' statements to law enforcement, as is required under *Brady v. Maryland*, 373 U.S. 83 (1963), in order for Mr. Kuehne to make a Motion to Sever pursuant to *Bruton v. United States*, 391 U.S. 123 (1968).

Respectfully submitted,

By Counsel:

/s/
_____
Marina Medvin, Esq.
*Counsel for Christopher Kuehne*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com


## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on June 7, 2021, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/
_____
Marina Medvin, Esq.