UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-160 (TJK) |
| : | |
| CHRISTOPHER KUEHNE et al., : | |
| : | |
| Defendants. : | |

### GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND MOTION TO CONTINUE STATUS HEARING

The United States of America hereby moves this Court for a 45-day continuance of the status conference presently set for August 4, 2023, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), from the date this Court enters an Order on this motion through and including the date of the next hearing.

Government counsel has communicated with counsel for defendants Kuehne, Felicia Konold, Cory Konold, and Chrestman, and has received permission from each, on behalf of each's client, to the filing of this motion as unopposed.

### FACTUAL BACKGROUND

Defendants Christopher Kuehne, Louis Enrique Colon, Felicia Konold, Cory Konold, William Chrestman, and Ryan Ashlock are charged in the First Superseding Indictment with violations of 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 231(a)(3), 2 (Civil Disorder); 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A),

(Entering and Remaining in a Restricted Building or Grounds and Carrying a Deadly or Dangerous Weapon); and 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds and Carrying a Deadly or Dangerous Weapon). Defendant Chrestman is also charged with violating 18 U.S.C. § 115(a)(1)(B) (Threatening a Federal Officer). ECF 132.

Colon and Ashlock have both entered guilty pleas. Ashlock has been sentenced. Kuehne has reached a plea agreement with the government and a plea hearing has been tentatively scheduled. The other defendants remain in ongoing plea discussions with the government.

## ARGUMENT

### A. Continuance of Status Conference

A continuance of the August 4 status conference is appropriate for the following reasons: (1) the government and the remaining defendants need additional time to attempt to resolve this matter pretrial; (2) the government continues to produce global discovery to the defendants and, as applicable, case specific materials;[1] (3) given the volume of discovery that has been and is being produced, a continuance will provide the defendants with the opportunity to meaningfully review such discovery and determine how best to proceed, including making decisions regarding the filing of pretrial motions; and (4) failing successful plea negotiations and taking into account the exercise of due diligence, the defendants and the government will need reasonable time to prepare for trial.

In summary, the parties seek additional time to allow for the continuation of the referenced plea discussions, which, if effective, would preserve judicial and the parties' resources. Additional

---

[1] It is the government's position that, at present, almost all the case specific materials, discoverable at this time, have been tendered and/or made available to the defendants. The government will continue to produce such items as they become available.

time will also allow for the continued disclosure, review, and consideration of the voluminous discovery in this case.

### B. Exclusion of Time

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id*. Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). In addition, the parties would like to continue the referenced plea negotiations and request additional time to engage in those discussions. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue to a date on earlier than September 18, 2023, the status conference presently set for August 4, 2022, and, from the date this Court enters an Order on this motion through and including the date of the next hearing, that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served

by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Conor Mulroe*
        Conor Mulroe
        NY Bar No. 5289640
        Trial Attorney
        U.S. Department of Justice, Criminal Division
        1301 New York Ave. NW, Suite 700
        (202) 330-1788
        conor.mulroe@usdoj.gov